OPINION
{¶ 1} Defendant, Wilma Channels, appeals from her conviction and sentence for assault.
 {¶ 2} On June 18, 2002, at about 10:20 p.m., Shawn Channels arrived at the apartment of Lisa Moorehead, his former girlfriend, to retrieve his belongings. An argument ensued, and Moorehead began to throw Channels' clothing and other personal property out through the bedroom window and the front door. Several people outside helped Channels pick up his clothes. Among them were his sister, Defendant, Wilma Channels, her daughter, Jasmine Brown, Channels' current girlfriend, Dawn Woodrick, and others.
 {¶ 3} According to Ms. Moorehead, when she stepped outside onto her porch, Wilma Channels grabbed her around the neck and threw her off of the porch. As Moorehead lay on her back on the ground, both Defendant and her daughter jumped her, hitting and kicking Moorehead. Security guards eventually arrived and broke up the fight. Moorehead sustained bruises and scratches to her back, left upper thigh, neck, and elbow. Moorehead testified that she did not threaten, point a gun, or throw a punch at anyone prior to being attacked by Defendant and her daughter.
 {¶ 4} Nathan Lasane, a friend of both Ms. Moorehead and Mr. Channels, was visiting a friend who also lives on Lakebend Drive. When Mr. Lasane heard yelling, he went outside and saw Defendant and Ms. Moorehead fighting. Moorehead was on the ground, lying on her back. Defendant and another female were standing over Moorehead, hitting her. Moorehead was fighting back. Defendant was subsequently charged in Dayton Municipal Court with one count of Assault, R.C. 2903.13(A).
 {¶ 5} At trial, Defendant presented her daughter Jasmine Brown, her brother Shawn Channels, and his girlfriend Dawn Woodrick as witnesses. These witnesses testified that Moorehead pulled out a gun and pointed it at Shawn Channels, who then took the gun away and handed it to some unknown bystander. Moorehead and Jasmine Brown then began to fight, punching each other. Defendant became involved in an effort to break up the fight, but she did not punch or kick Moorehead.
 {¶ 6} Defendant was found guilty following a trial to the court. The court sentenced Defendant to ninety days, suspended, placed Defendant on two years probation, and imposed a fine of two hundred dollars plus costs.
 {¶ 7} Defendant has timely appealed to this court from her conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 8} "The evidence of record would not convince a reasonable jury if believed and, therefore, the standard of beyond a reasonable doubt was not met."
 {¶ 9} Defendant's assignment of error, as phrased, implicates the test for sufficiency of the evidence. Her argument in the body of her brief, however, asserts that her version of the events is more credible than Ms. Moorehead's version — a weight of the evidence argument. We shall address both theories.
 {¶ 10} Defendant was found guilty of violating R.C. 2903.13(A) which provides:
 {¶ 11} "No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn."
 {¶ 12} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259:
 {¶ 13} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 14} Ms. Moorehead's testimony alone, if believed, is sufficient to establish each and every element of assault and convince the average mind of Defendant's guilt beyond a reasonable doubt. Additionally, Mr. Lasane's testimony corroborates Ms. Moorehead's claim that Defendant assaulted her. Viewing this evidence in a light most favorable to the State, a rational trier of facts could find all of the essential elements of assault proven beyond a reasonable doubt. Defendant's conviction is supported by legally sufficient evidence.
 {¶ 15} A weight of the evidence argument challenges the believability of the evidence; which of the competing inferences suggested by the evidence is more believable or persuasive. State v.Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563, unreported. The proper test to apply to that inquiry is the one set forth in State v.Martin (1983), 20 Ohio App.3d 172, 175:
 {¶ 16} "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."
 {¶ 17} Defendant argues that her version of the events is simply more credible than Ms. Moorehead's version. In finding Defendant guilty, however, the trial court commented that Defendant's witnesses were not credible.
 {¶ 18} In resolving conflicts in the evidence the trier of facts must determine the credibility of the witnesses and the weight to be given to their testimony. In that regard this court stated in State v.Lawson (August 22, 1997), Montgomery App. No. 16288:
 {¶ 19} "[b]ecause the factfinder . . . has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." Id., at p. 4.
 {¶ 20} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict.State v. Bradley (October 24, 1997), Champaign App. No. 97-CA-03.
 {¶ 21} The trial court acted well within its authority in choosing to believe Ms. Moorehead over Defendant's witnesses. In reviewing this record as a whole, we cannot say that the evidence weighs heavily against a conviction, that the trial court lost its way, or that a manifest miscarriage of justice has occurred. Defendant's conviction is not against the manifest weight of the evidence.
 {¶ 22} The assignment of error is overruled. The judgment of the trial court will be affirmed.
FAIN, P.J. and BROGAN, J., concur.